IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff,*<br>v.<br><br>URÍAS BARRETO-RIVERA,<br>    *Defendant.* | CRIMINAL NO. 2:17-CR-176-MMB<br><br>Related Case No.:<br>(DPR 3:00-CR-861-CC-5) |

## MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

**NOW COMES** URÍAS BARRETO-RIVERA, motioning this Court *in propria persona* (*pro se*) to terminate the imposed term of supervised release, reducing such to a "time already served" duration. This request is made pursuant to title 18 United States Code §3583(e) and Federal Rules of Criminal Procedure 32.1(c). Under the same rule of criminal procedure, no hearing is requested in this matter.

## I.  CASE HISTORY

On March 7, 2003 I was sentenced to 162 months and 60 months (consecutive) in prison after pleading guilty to one count each of Conspiracy to Distribute Narcotics[1] and Use of a Firearm in Furtherance of a Drug Trafficking Crime.[2] I was sentenced to 5 years of supervised release for the Conspiracy charge and 3 years of supervised release for the firearms charge.

I was released from custody of the BOP to the jurisdiction of the United States Probation Office here in Philadelphia on April 29, 2016. I have now completed 3 years and 9 months on supervision, meaning I have completed the term of supervision for the firearms charge and am serving the remaining 15 months of supervision on the conspiracy charge.

My supervision began here in the Eastern District of Pennsylvania, and my case was

---
1  In violation of 21 U.S.C. §846.
2  In violation of 18 U.S.C. §924(c)(1)(i) & Aiding and Abetting: 18 U.S.C. §2.

transferred here officially on April 5, 2017.

I have conferred with my supervising officer, Sulimar Colon, and she has told me that she has no objections to this request, has given me her permission to include this fact in my motion. She also stated that I have been in compliance with all of my conditions of release to date.

## II. JURISDICTION

This Court received §3605 jurisdiction over this case in April of 2017. Docket Entries 1 and 2. Thus, this is the appropriate venue to request this relief.

## III. AUTHORITY

This Court is granted the authority to terminate a term of supervised release by 18 U.S.C. §3583(e)(1) which, after considering specific sentencing factors from §3553(a), allows a district court judge to "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure … if it is satisfied that such action is warranted by the conduct of the defendant released and in the interests of justice."

Paraphrased, the §3553(a) factors that are to be considered for an early termination request are:

>   §§(a)(1): The nature and circumstances of the offense;
>   §§(a)(2)(B): To afford deterrence to criminal conduct;
>   §§(a)(2)(C): To protect the public from future crimes;
>   §§(a)(2)(D): To provide education and job training, provide medical care or other correctional treatment;
>   §§(a)(4): The kinds of sentences available in the guidelines;
>   §§(a)(5): In line with relevant policy;
>   §§(a)(6): Avoiding unwarranted differences in sentence between similar defendants with similar conduct;

§§(a)(7): To provide restitution to any victims.

The applicable Federal Rule of Criminal Procedure is 32.1(c), which allows for modifications of supervised release. This rule requires a hearing unless the relief sought is favorable to the defendant and that an Assistant United States Attorney has received notice of the relief sought and is given reasonable opportunity to object (Fed R. Crim P (2)(B) & (C)).

Committee notes to this procedural rule don't spend much time on termination requests, but bring up a defendant's right to present mitigating information when a modification request would be of greater restriction to the defendant. In this case, I both waive the hearing, and request that a decision in this matter be made without such a hearing once the government is given an opportunity to proffer a written objection if it chooses to do so.

## IV. CONTROLLING PRECEDENT

Districts in the 3rd Circuit, as has the Circuit Court itself, have relied on the "changed circumstances or extraordinary bahavior," standard from *United States v. Lussier,* 104 F.3d 32 (2nd Cir. 1997). See *United States v. Smith,* 445 F.3d at 717 (3rd Cir. 2006).

The United States Sentence Commission policy changes in 2011, discussed below, show a shift away from the "extraordinary" standard, toward recommending early termination in appropriate cases where rehabilitation has been accomplished and recidivism reduced.

"The Supreme Court has described supervised release as "the decompression stage" between prison and full release." *United States v. Kappes,* 782 F.3d 828 (7th Cir. 2015) (Quoting *Johnson v. United States,* 529 U.S. 694, 709 (2000)). Rehabilitation and recidivism reduction have both occurred in my case, as will be shown here.

## V. POLICY

The relevant section of the Sentencing Guidelines Manual can be found in §5D1.2. The policy here made a sharp change in 2011 when the amendments to the manual that year specifically

changed this section to encourage early termination in appropriate cases, rather than in cases which show "unforeseen circumstances" or "exceptional behavior".

Although this high bar is still germane in evaluating supervisees in context of early termination requests, the focus has shifted. Instead of proving this standard is met, it is important to consider if supervision is needed at all, rather than considering if a defendant is "worthy" of this relief.

"The guidelines encourage . . . [courts] to exercise this authority in appropriate cases, particularly noting that a court may impose a longer term of supervised release on a defendant with a drug, alcohol or other addiction, but may then terminate the supervised release term early when a defendant successfully completes a treatment program, thereby reducing the risk to the public from further crimes of the defendant."[3] U.S.S.G. §5D1.2 cmt. n. 5 (Internal quotations omitted).

Probationary policy in regards to recommending early termination in supervised release cases comes from Monograph 109[4]. In tandem with the Sentencing Guidelines Manual notes in §5D1.2, Probation Monograph 109 informs probation officers that they "should consider the suitability of early termination for offenders as soon as they are statutorily eligible."

When making this determination, the 9 general criteria for making a recommendation to the court for early termination are found in section §380.10(b):

*(1) Stable community reintegration;*
*(2) Progressive strides toward supervision objectives and in compliance with all conditions of supervision;*
*(3) No aggravated role in the offense of conviction, particularly large drug or fraud offenses;*

---

3   From "Primer: Supervised Release" (Office of General Counsel, United States Sentencing Commission; 2015). Available at: https://www.ussc.gov/sites/default/files/pdf/training/primers/2015_Primer_Supervised_Release.pdf
4   Guide to Judiciary Policy, Volume 8, Part E: Supervision of Federal Offenders (Monograph 109)

*(4) No history of violence;*
*(5) No recent arrests or convictions;*
*(6) No recent evidence of alcohol or drug abuse;*
*(7) No recent psychiatric episodes;*
*(8) No identifiable risk to the safety of any identifiable victim; and,*
*(9) No identifiable risk to public safety based on the Risk Prediction Index."*

Later in that same section it states that the existence of outstanding financial obligations *per se* does not adversely affect early termination eligibility (§§c), and failure to meet criteria listed should not automatically exclude an offender from further consideration (§§d), and there is a presumption in favor of recommending early termination for probationers and supervised releasees who have been supervised for at least 18 months and are not violent, drug, sex offenders, terrorists, present a risk to public or victims, and are free from any moderate or higher violations.

I may not meet the criteria for the presumption of a probationary recommendation, however, I have been told specifically by my supervising officer, Sulimar Colon, that she will support this request.

## VI. ARGUMENT

Of all the sentencing factors from §3553(a) that are considered at original judgment, one is conspicuously missing from the list in §3583(e)(1): "the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."[5] That means that supervised release is not part of the punishment phase of a judgment, but serves other intentions of sentencing. This is evinced by the clarity given by the sentencing

---

5   18 U.S.C. §3553(a)(2)(A)

commission in §5D1.2, citing rehabilitation completion as a valid reason for terminating a term of supervision early.

The Supreme Court clarified this in *Johnson V. United States*, 529 U.S. 694, 709 (2000), when supervised release was described as the "decompression stage" of a judgment. See also *United States v. Kappes,* 782 F.3d 828 (7th Cir. 2015). If, then, the transition or decompression from incarceration, and there are no other goals of supervision (or special conditions of supervision) left to achieve, then the purpose of supervision has been exhausted and early termination is warranted. The interests of justice are served, by statutory definition and precedent, by early release in these situation.

I am doing well in my new life outside of prison walls. I met my wife, Sugeiry (Sue) in December of 2016, and were married shortly thereafter. She is a big support for me in my life now. I have sworn off drugs and illegal activities, and I much prefer the life I have built now, since my release, to the life I lead before. I am of no risk to reoffend, as I have no will or desire to return to that life.

I am gainfully employed as an manager with Detail Magic, a local automotive-improvement business. Since I began there, I have been promoted to management and have went through training to apply Rhino-Lining to trucks, which is a very sought-after skill in this business. Sue and I have used my income, combining with hers, and purchased a house together in Tampa, Florida where we both have family. I have received a job offer driving Commercially for KSS Services, Inc. out of Orlando, who mostly services deliveries to Best Buy stores in the Central Florida area. I have attached a letter of intent to hire for this job offer to this brief. I plan to move to Tampa and live with Sue there as soon as I am off of probation, whether that be naturally or through early termination (as requested here).

I have no educational or vocational needs that probation could help with. I also do not have any medical or housing concerns that would make further supervision necessary. Thus, §3553(a)(2)(D) weighs in favor of this request.

Since I have already completed my term of supervision for my gun charge, I am only left on supervision for my conspiracy charge. That term being five years. Since I must serve one year on supervision, in general, before I can make this request, and I am maxed at 5 years, I am well within the acceptable time-frames to submit this request to the Court. These ranges are reflected in policy in U.S.S.G. 5D1.2(a)(2). Thus §3553(a)(4) & (5) weigh in my favor.

To stay in line with sentencing decisions in similar cases with similar defendants, §3553(a)(6) addresses the need to avoid unwarranted disparities between cases with such similarities. In regards to my request here, other cases where early termination requests have been granted are of particular applicable. See *United States v. Truett*, (FLND No. 5:05-CR-12) where defendant Truett was released after serving half of his 5 year term of supervision for a Methamphetamine conviction. See also *United States v. Pollard*, (NYED No. 2:05-CR-16), *United States v. Fogg*, (VAED No. 3:05-CR-30-1), *United States v. Henry*, (MIED No. 2:13-CR-10431). These cases weigh §§(a)(6) in my favor.

A look at the Monograph 109 test for the USPO to consider recommendations on requests for early termination of supervised release addresses many of the same issues from §3553, but from an integration-related standpoint.

I have fully integrated into my community with job, housing support structure, family, education, and future prospects. There is nothing left that can be accomplished with more supervision than I have already undergone.

I pose no risk of danger to any victims in my case and I am of no risk to public safety, although probation's Risk Prediction Index is not at my disposal to comment on this particular scoring method.

Although I have thrived here in Philadelphia, my entire family, as well as Sue's family, all live in the Central Florida area. We have been planning carefully for the last few years to set up our post-supervision life there with house, job, and family support. At this point I feel there is nothing left for me to accomplish here in Pennsylvania and, since I have received no objections from probation, have deemed it time to make this request.

## VII.     CONCLUSION

Considering the cost of supervision, and based upon the reasons and factors discussed in this motion, I respectfully request that this Court terminate the remainder of my term of supervised release.

Respectfully submitted on this __10__ day of __February__, 2020.

_____
URÍAS BARRETO-RIVERA
*Pro Se* Defendant, Movant

Attached:
- E-mailed - Letter of Intent to Hire: KSS Services, Inc.

**KFS Services Inc**
14423 Island Cove Dr
Orlando, Fl 32824
(321) 704-6459

**Employment Offer:**

To Urias Barreto:

Congratulations, this letter is to notify you that we are offering you a job at our company as 1099/Operational Manager with this position comes different and important responsibilities some of this responsibilities are but not limited to manage trucks making sure every truck leave the warehouse on time, being operation manager required to be on time and making sure all the drivers and helpers are on time with the proper uniform required by our contractor. Other responsibilities are to respond dispatch calls to update on schedule of the drivers and their days off, all this requirements are subject to change and the position is not limited to the list previous mentioned. This position require you to work 6 days a week with Sundays being the only day off during low season, in busy season we work seven days and we pay top dollar for it. Working in our company KFS Services Inc as Operational Manager would give you the opportunity to grow with the company as we are a small business growing in a market that is world wide. The pay rate for this position is $17.00 per hour with the opportunity of bonuses for team performance.

If you need any more details, please feel free to contact us.

Sincerely,

Kevin F. Santiago
Owner/Contractor
(321)704-6459


Sent from my iPhone

CERTIFICATE OF SERVICE
FOR PRO SE DOCUMENTS

I, URIAS BARRETO-RIVERA, do hereby certify that I have served a true and correct copy of the following document,

**MOTION TO TERMINATE DEFENDANT'S SUPERVISED RELEASE TERM**

upon the court and the office of the United States Attorney:

**Assigned/DUTY AUSA**
U.S. Attorney's Office
615 Chestnut Sr.
Suite 1250
Philadelphia, PA 19106

**Clerk of the U.S. District**
Eastern District of Pennsylvania - PH
601 market street
Room 2609
Philadelphia, PA 19106

by placing it in a sealed, postage prepaid envelope by United States Postal Mail

on the ___10___ day of ___February___, 2020.


_____
URIAS BARRETO-RIVERA
*Pro Se* Movant

Urias Barreto Rivera
1532 B gregg St
Philadelphia, PA 19115

U.S.M.S.
X-RAY

U.S. POSTAGE PAID
FCM LG ENV
PHILADELPHIA, PA
19149
FEB 10, 20
AMOUNT
$2.00
R2304E106383-16

Clerk of the U.S.
Eastern District
-PH
601 Market St